*MOORE* vs. *STOKES.*

When the only question is as to the weight the testimony is entitled to, the supreme court respects the conclusions of the jury.

APPEAL from the court of the eighth district.

PORTER, J. delivered the opinion of the court. This is an action of slander. The plaintiff alleges, the defendant spoke the following false, scandalous and malicious words of him: "Lawrence H. Moore has testified to a lie in open court, in April last, in a suit wherein I was plaintiff, and William Allen was defendant, and by God I'll kill him for it!"

The defendant denies he ever threatened to kill the plaintiff, but admits he spoke the other words charged in the petition, and avers they are true.

The case was submitted to a jury in the court below, who found a verdict in favor of the plaintiff for $250. The defendant made an unsuccessful attempt to obtain a new trial; and judgment being rendered in conformity with the verdict, he appealed.

The evidence is contradictory. The weight of it is, perhaps, with the defendant, if no attention was to be paid to the oath the plaintiff swore on the trial of the cause, in which it was alleged he committed perjury. But what is stated by a witness, is presumed to be stated

truly, until the contrary is shewn; and it re- Eastern Dis. *March*, 1828.
quires stronger evidence to establish the false-
hood of what he has said, than it would to MOORE vs. STOKES,
prove the incorrectness of an assertion made
without the solemnity of an oath. In this case
the only witness who directly contradicts
Moore, is Stewart, and though the others do
state circumstances, tending rather to corrobo-
rate his testimony, than that given by the plain-
tiff, yet, what they state is not sufficiently strong
to authorise us to depart from the rule we have
so often recognized in relation to verdicts.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be affirmed with costs.

*Ripley* and *Conrad* for the plaintiff, *Chris-*
*ty* for the defendant.